UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> *Plaintiff*, <br> v. <br><br> DOES 1 – 79, <br><br> *Defendants*. | CIVIL ACTION No.: 1:12-cv-10532 <br><br> [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR EARLY DISCOVERY |

Upon consideration of plaintiff's Emergency Motion to Take Early Discovery, plaintiff's supporting memorandum, and the Declaration of Jon Nicolini attached to Complaint, plaintiffs Motion is hereby **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiff is allowed to conduct immediate discovery on each Internet Service Provider ("ISP") listed in Exhibit A to the Complaint by serving a Rule 45 subpoena ("subpoena") that seeks information sufficient to identify each Doe defendant, including name, address (present and at the time of infringement), telephone number, e-mail address, Media Access Control ("MAC") address, and the ISP's terms of service applicable for each defendant.

2. Plaintiffs may serve a subpoena also upon any intermediary ISPs that may be identified in response to a subpoena as providing Internet services to one or more of the Doe defendants.

3. Plaintiff shall cover any costs that the ISPs charge for researching Doe defendants.

4. The ISPs are authorized, pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B), to comply with this subpoena, subject to the further conditions set forth in this Order.

5. Plaintiff shall use the information obtained by this subpoena solely for the purpose of protecting plaintiff's rights under the Copyright Act.
6. Plaintiffs shall attach a copy of this Order to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of this Order to each Doe defendant within seven days of service of the subpoena.
7. Plaintiffs shall also attach Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.
8. The ISPs shall not respond to the subpoena until twenty-one days after it has sent the Notice to each Doe defendant.
9. ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.
10. The Plaintiff may serve additional limited discovery on a Doe defendant, once identified, for the sole purpose of ascertaining whether the individual identified is a proper defendant in the case.

**SO ORDERED**

Dated: 4/12/12

_/s/ [signature]_
U.S.D.J.

# APPENDIX A

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by the movie studio PATRICK COLLINS, INC.. You have been sued for infringing copyrights on the Internet by uploading and/or downloading the motion picture "Real Female Orgasms 13." The movie studio has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

### YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

Your name has not yet been disclosed. The movie studio has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 21 days from the date that this notice is sent to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified). The second page of this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 21-day period, your ISP will send the movie studio plaintiff your identification information.

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of Massachusetts, the movie studio must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you. If your challenge is successful, the case in Massachusetts will be dismissed, but the movie studio may be able to file against you in another state where there is jurisdiction.

The movie studio may be willing to discuss the possible settlement of its claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the movie studio if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio. You may contact the movie studio's representatives by phone at (413) 268-6500, by fax at (413) 268-6500, or by email at contact@marvincable.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

**RESOURCE LIST**

The organizations listed below provide guidance on how to find an attorney. If you live in or near Massachusetts or Boston, the second and third listings below provide referrals for local attorneys.

**American Bar Association**
http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

**Massachusetts Bar Association**
http://www.massbar.org
Lawyer referral service: (617) 33 8-0610

**Boston Bar Association**
http://www.bostonbar.org
Lawyer referral service: (617) 742-0625

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants.

**Electronic Frontier Foundation**
454 Shotwell Street
San Francisco, California 941 10-1914
E-mail: information@eff.org

**Public Citizen**
1600 20th Street, NW
Washington, DC 20009
Phone: (202) 588-7721
E-mail: litigation@citizen.org