**United States District Court for the District of Massachusetts**

Patrick Collins, Inc. DBA Elegant Angel Productions )
    Plaintiff, )
v. )   Civil Action No. 12-CV-10532-GAO
DOES 1-79 )
    Defendants )

MEMORANDUM IN SUPPORT OF DEFENDANT DOE 12'S
MOTION TO SEVER, QUASH AND/OR DISMISS

COMES NOW, Defendant Doe 12 ("Doe Defendant") pro-se, pursuant to Federal Rules Civil Procedure 20 (a)(2) and 21, and hereby respectfully submits this Memorandum of Points and Authorities in Support of the foregoing motion to quash the subpoena issued by Plaintiff Patrick Collins, Inc. ("Plaintiff") to Charter Communications on or about April 23, 2012, to sever Doe Defendant from this litigation and/or to dismiss the claims as against Doe Defendant altogether and in support thereof, Doe Defendant states as follows:

SUPPORT

Multiple defendants may only be joined in a single cause of action pursuant to the Federal Rules of Civil Procedure if the following two criteria are satisfied: first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and secondly, "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Additionally, if misjoinder occurs Federal Rule of Civil Procedure 21 authorizes a court on its own initiative or at the request of a party to add or drop a party from a lawsuit. In appropriate circumstances, Rule 21 also empowers the court to sever a claim asserted against a party from a case.

ARGUMENT

The court should quash the subpoena issued by Plaintiff to Charter Communications seeking Doe Defendant's identifying information, sever Doe Defendant from this litigation and/or dismiss Doe Defendant from this case because Doe Defendant has been improperly joined to this action.

Courts nationwide have ruled that "allegations that Doe defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted works are insufficient for joinder of multiple defendants under Rule 20." Boy Racer, Inc. v. Does 1-60, Case No. C11-01738.

Plaintiff uses a hash mark in support of Rule 20 as evidence the alleged BitTorrent download and/or upload by each Doe Defendant occurred in the same transaction or occurrence or series of transactions or occurrences. The hash mark relates only to the specific file. It does not show simultaneous trading or identify any particular transaction or occurrence. The same hash mark would appear from the same torrent file if downloaded and uploaded years apart.

Moreover, the likelihood that the respective defendants in a particular case would offer different defenses, among other factors, has lead courts to find misjoinder in copyright cases involving multiple defendants. In Hard Drive Productions, Inc. v. Does 1-188, Case No. C-11-01566 the Court determined that joinder of the Defendants in that case ran counter to the primary objectives of Rule 20, namely, judicial economy and trial convenience. The Court reasoned that allowing joinder would require it to entertain a host of mini trials with nuances unique to each individual defendant.

Finally there is the fact that unsecured networks can be accessed without the owner's knowledge or consent, lending to the argument that misjoinder is unfair by showing that each individual defendant would need opportunity to present such a defense. Providing an IP address as the only identifying evidence can lead to "false positives."

Based on the foregoing reasons, Doe Defendant 12 respectfully requests that this Court enter an order quashing the subpoena issued to Charter Communications for identifying information relating to Doe Defendant 12, severing Doe Defendant 12 from this litigation and/or dismissing Doe Defendant 40 from the case, with prejudice.

Respecfully submitted,

By ___/s/ Doe 12 /s/___
Doe Defendant 12
*Pro se*

CERTIFICATE OF SERVICE

I hereby certify that on this day 5/31/2012, a copy of the foregoing Memorandum of Points and Authorities in Support of Doe 12's Motion to Sever, Quash, and/or Dismiss was served via facsimile to Charter Communications at (314) 909-0609 and via US mail on Marvin Cable, Law Offices of Marvin Cable, 73 Bridge Street, Suite #6, Northampton, MA 01060.

/s/ Doe 12 /s/
Doe Defendant 12
*Pro se*