UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> DOES 1 – 79, <br><br> *Defendants*. | Civil Action No.: 1:12-cv-10532 <br><br> **Opposition to Motion to Quash** |

**1. Introduction**

Plaintiff hereby addresses motion to quash submitted by Elizabeth Andrews. Ms. Andrews does not identify which doe she is nor which IP address she is associated with.

While the Plaintiff recognizes the concerns of Ms. Andrews, they are without merit to sustain her Motion to Quash. For reasons stated below, Plaintiff respectfully requests that the court deny her motions or, in the alternative, strike her motions.

**2. Ms. Andrews lacks standing to challenge subpoena.**

As a threshold matter, Ms. Andrews lacks standing to challenge subpoena to third parties. See Fed. R. Civ. P. 45(c)(3)(B); *Liberty Media Holdings v. Swarm Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7 B5BC9C05*, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); *United States Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18-19 (D. Me. 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997))); *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). As a Court in this

district noted in *Liberty Media Holdings*, a party has no standing to challenge a subpoena issued to third parties unless it could assert some privilege to the requested document. *See* 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011), 13 n. 3 (noting that defendants could not viably assert privacy interest in subscriber information as they are already disclosed to the ISPs).

Therefore, Ms. Andrews' Motion to Quash fails due to lack of standing.

**3. There is no exception or waiver that applies to quash subpoena.**

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2).

Assuming *arguendo* that Ms. Andrews has standing, an exception for claims of privilege does not apply here, as Ms. Andrews did not viably assert any claim of privilege relating to the requested information. Importantly, Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers ("ISPs"). Yet, courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information - including names, addresses, phone numbers, and e-mail address - as they already have conveyed such information to their ISPs. *See e.g.*, *Liberty Media Holdings*, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000); *Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals

generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *5 (N.D. Ill. Aug. 9, 2011) ("[i]nternet subscribers do not have a reasonable expectation of privacy in their subscriber information - including name, address, phone number, and email address - as they have already conveyed such information to theirs ISPs."); *Third Degree Films, Inc. v. Does 1 - 2010*, Civil No. 4:11 MC 2, 2011 WL 4759283, at *3 (N.D. Ind. Oct. 6, 2011) (citing *First Time Videos*, 2011 WL 3498227, at *4) (holding that because "[i]nternet subscribers share their information to set up their internet accounts," the subscribers "cannot proceed to assert a privacy interest over the same information they chose to disclose."); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties); *Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Doe*, 736 F. Supp. 2d 212 (D.D.C. 2010) (collecting cases, including U.*S. v. Kennedy*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000)).

The only information sought through the Subpoena at issue is the Doe defendants' contact information. This information has already been shared by the Doe defendants' with their respective ISPs.  Thus, in lieu of *supra* and *infra*, there is no expectation of privacy nor exception that applies to quash subpoena.

Further, the Doe defendants exposed their IP addresses to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the Decl. of Jon Nicolini.

Also, Does implies that nature of the copyright work in this case gives rise to an exception or wavier satisfying Rule 45(c)(3)(iii). This argument also fails. If the mere allegedly embarrassing nature of the lawsuit is sufficient to quash subpoenas, it is tantamount to giving infringers carte blanche to commit infringement and hide behind the shield of anonymity because they allege that the nature of the infringed copyrighted work is embarrassing.[1]

Therefore, assuming *arguendo* Ms. Andrews has standing, her Motion to Quash fails because it does not provide sufficient facts regarding subpoenaed information being privileged or otherwise protected matter, and does not provide an exception or waiver that would apply to satisfy Rule 45(c)(3)(iii).

**4. Ms. Andrews allegations of bad faith are unfounded.**

The allegation of bad faith is that Plaintiff is using this Court as nothing more than an inexpensive means to gain Doe's personal information to coerce payment.[2] Importantly, Ms. Andrews implied accusation that Plaintiff is only seeking to use this litigation to

---

[1] Importantly, the Court held that the potential embarrassment to does of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously. As the Superior Court of Massachusetts stated, "mere embarrassment [is] not sufficient to override the strong public interest in disclosure." *Roe v. General Hospital Corp.*, 2011 Mass. Super. LEXIS 82, 2011 WL 2342737, at *1. Thus, the potential embarrassment or social stigma that Does may face once their identities are released in connection with this lawsuit is not grounds for allowing them to proceed anonymously.

[2] Plaintiff's counsel notes that Plaintiff is represented by various counsels across the country. This particular case is being represented by Attorney Cable, based on evidence collected by Copyright Enforcement Group, LLC ("CEG"). Doe appears to lump all type of cases filed by Plaintiff and other similar Plaintiffs, regardless of the litigation conduct of Attorney Cable or other counsels working with CEG. Plaintiff's counsel does not deny that there are some law firms who engage in improper conduct such as grouping thousands of defendants across the country in a single suit or personally calling defendants with improper threats, but this counsel or other attorneys filing suit based on CEG evidence does not engage in such conduct. It is patently misleading and improper for Doe to attempt to brush everyone with the same stroke.

coerce settlement is unfounded and based on speculation. *Cf. Liberty Media Holdings, LLC*, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011), at 17 & n. 7 (holding that allegation that Liberty Media Holdings was seeking identity merely to coerce settlement was purely speculative and not grounds for proceeding anonymously).

**5. The IP address is relevant to the infringer's identity.**

The allegation is the somewhat familiar refrain that the IP address alone is insufficient identify the actual infringer, as it only identifies the account holder or subscriber of that IP address. Ms. Andrews further implies that to infer that the subscriber of the infringing IP address is the actual infringer is in bad faith.

It is true that Plaintiff only knows the IP address where the infringement occurred and the sought subscriber information will only reveal the identity of the subscriber of that IP address. The inference drawn from that information, however, i.e. – that the subscriber of the IP address is the one who downloaded the infringing material, is not in bad faith. In fact, the same type of inference was drawn by the Fifth Circuit in upholding probable cause for a search warrant. *See United States v. Perez*, 484 F.3d 735, 740 & fn. 2 (5th Cir. 2007). In *Perez*, law enforcement obtained a search warrant based on affidavit that there was child pornography transmitted to a particular IP address and that IP address was assigned to the defendant. *See id.* at 740. Defendant in *Perez* argued "that the association of an IP address with a physical address does not give rise to probable cause to search that address." *Id.* The *Perez* Defendant went on to argue "that if he 'used an unsecure wireless connection, then neighbors would have been able to easily use [Perez's] internet access to make the transmissions.'" *Id.* Fifth Circuit rejected the argument, holding that "though it was possible that the transmissions originated outside of the residence to which the IP address was assigned, it remained likely that the source of the transmissions was inside

that residence." *See id.* Fifth Circuit went on to hold that there was a fair probability that the owner of the IP address was responsible for the download. *See* 484 F.3d at 740 & n. 2 (citing *United States v. Grant*, 218 F.3d 72, 73 (1st Cir. 2000)). It is not bad faith to infer, especially in this early stage of litigation, that owner of the IP address was the person responsible for downloads occurring at that IP address. *See Perez*, 484 F.3d at 740 & n. 2.

The issue is not whether infringement stemming from an IP address alone gives Plaintiff proof beyond doubt, but whether it gives Plaintiff a good faith basis to believe that the owner of the IP address committed the infringement. As the *Perez* Court held, evidence of download at an IP address is sufficient evidence to support the suspicion against the owner of that IP address. *See id*; *see also United States v. Vosburgh*, 602 F.3d 512 (3d Cir. Pa. 2010) ("We agree with the reasoning in Perez. As many courts have recognized, IP addresses are *fairly* "unique" identifiers. *See, e.g.*, *United States v. Forrester*, 512 F.3d 500, 510 n.5 (9th Cir. 2008) (stating that "every computer or server connected to the Internet has a unique IP address"); *Perrine*, 518 F.3d at 1199 n.2 (noting that an IP address "is unique to a specific computer"); *Peterson v. Nat'l Telecomm. & Inform. Admin.*, 478 F.3d 626, 629 (4th Cir. 2007) (explaining that "[e]ach computer connected to the Internet is assigned a unique numerical [IP] address"); *White Buffalo Ventures, LLC v. Univ. of Texas at Austin*, 420 F.3d 366, 370 n.6 (5th Cir. 2005) (describing an IP address as "a unique 32-bit numeric address" that essentially "identifies a single computer")) (emphasis added: *fairly*).

### 6. Plaintiff needs information to proceed.

The case cannot proceed without identifying the defendants, and the defendants cannot be identified until the requested information is subpoenaed from the defendants' ISPs. As numerous prior courts have agreed, early discovery is the only way to gain the

6

information necessary to move the case forward. *See e.g. London-Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d at 179 (D. Mass. 2008) ("Without the names and address [of the John Doe defendants], the plaintiff cannot serve process and the litigation can never progress."); *Sony Music Enter. Inc. v. Does 1–40*, 326 F.Supp.2d at 566 (S.D.N.Y. 2004).

Plaintiff is aware of no alternative method of identifying the defendants other than by serving a subpoena on their ISPs. Thus, Plaintiff's only recourse is to serve a subpoena to the ISPs who have the required information.

## 7. Conclusion

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion to Quash submitted by Ms. Andrews or in the alternative strike her motion.

*     *     *

Respectfully submitted on June 27, 2012,

FOR THE PLAINTIFF:

*/s/ Marvin Cable*

Marvin Cable, Esq.
BBO#: 680968
LAW OFFICES OF MARVIN CABLE
P.O. Box 1630
Northampton, MA 01061
P: +1 (413) 268-6500
F: +1 (413) 268-6500
E: law@marvincable.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                                                                   Marvin Cable, Esq.

**Table of Contents**

1.  INTRODUCTION ..................................................................................................................... 1
2.  MS. ANDREWS LACKS STANDING TO CHALLENGE SUBPOENA. ................................. 1
3.  THERE IS NO EXCEPTION OR WAIVER THAT APPLIES TO QUASH SUBPOENA. ......... 2
4.  MS. ANDREWS ALLEGATIONS OF BAD FAITH ARE UNFOUNDED. ............................... 4
5.  THE IP ADDRESS IS RELEVANT TO THE INFRINGER'S IDENTITY. ................................ 5
6.  PLAINTIFF NEEDS INFORMATION TO PROCEED. ........................................................... 6
7.  CONCLUSION ........................................................................................................................ 7