**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PATRICK COLLINS, INC.,
Plaintiff,

v.

DOES 1-79,
Defendants.

C.A. 1:12-cv-10532

**DEFENDANTS', DOES 3-9, 39-41, 51, 52, 66-73, CONSOLIDATED MOTION & MEMORANDUM TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45, OR IN THE ALTERNATIVE TO SEVER PURSUANT TO FED. R. CIV. P. 21**

The moving party ("DOE") has received notice from Verizon, serving notice that it has been serviced with a subpoena in the above-entitled civil action, seeking disclosure of DOE's true name and address for possible inclusion as defendant(s) in this action. Pursuant to Rule 45, F.R.C.P., DOE moves that this Court quash the said subpoena. In the alternative, DOE moves that the Court sever and stay any proceedings in as against him. As grounds for this motion, DOE states as follows:

## I. INTRODUCTION

The plaintiff in this action alleges uploading and downloading of pornographic video material to and/or from the internet, using a peer-to-peer file sharing program known as BitTorrent. The Plaintiff's Complaint alleges copyright infringement in violation of 17 U.S.C. sec. 101-1132 against seventy nine (79) unidentified defendants, including the moving party herein, Does 3-9, 39-41, 51, 52, 66-73.

In this action and numerous companion cases around the country, the Plaintiff endeavors to use the Court in a mass copyright litigation scheme to force settlements from the unidentified defendants. The plaintiff has filed nearly identical complaints in at least 160 similar cases in 27 different jurisdictions against more than 10,000 such unidentified defendants. It appears none of these defendants have been served.

On April 12, 2012, the Court granted the plaintiff's *ex parte* Emergency Motion to Take Early Discovery prior to the Rule 26(f) conference. That Order allowed the Plaintiff to serve Rule 45 subpoenas ("the SUBPOENAS") on the Internet Service Providers ("ISPs") listed in Exhibit A of the Complaint. Since the Plaintiff moved *ex parte* and DOE had not been served with a summons and complaint, the Plaintiff faced no opposition and DOE had no opportunity to identify the discovery and its prejudicial effect.

In reviewing the SUBPOENAS to the ISPs, the Court must balance "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances" against those of ISP subscribers "without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Courts have recognized the potential for abuse in the tactics utilized by this particular Plaintiff:

> "There is real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations. In such cases, there is a risk not only of public embarrassment for the misidentified subscriber, but also that the innocent subscriber may be coerced into an unjust settlement with the plaintiff to prevent the public filing of unfounded allegations."

*Patrick Collins, Inc. v. Doe,* No. 12-cv-02964, 2012 U.S. Dist. LEXIS 77486, *3 (S.D.N.Y. June 1, 2012). The Northern District of California stated more bluntly, "If all the concerns about these mass Doe lawsuits are true, it appears that the copyright laws are being used as part of a massive collection scheme and not to promote useful arts." *On the Cheap, LLC v. Does 1-5011,* No. 10-cv-4472-BZ, 2011 U.S. Dist. LEXIS 99831, *12 n.6 (N.D. Cal. Sept. 6, 2011).

## II. BITTORRENT TECHNOLOGY

The BitTorrent technology allegedly used by DOE allows a person to visit a website and download a file containing the desired media. After the file is on the downloader's computer, the BitTorrent program connects to other users to share and copy the particular media. When the initial user downloads the file, the file is then made available to other users. Collectively, all the users who have and share a particular file are referred to as a "swarm." The plaintiff alleges that DOE is part of the "swarm," and acted together to commit copyright infringement. *See* Complaint at para. 13.

To the extent this concise description of BitTorrent technology does not fully explain precise the technical aspects, the DOE hereby incorporate the Motions to Quash filed by other unidentified defendants in this action.

## III. PLAINTIFF'S MASS COPYRIGHT LITIGATION

As stated above, the Plaintiff commences widespread litigation against thousands of unidentified defendants to ascertain their identities through subpoenas to the ISPs. The Plaintiff uses the information provided by the ISPs to send each of the Doe defendants a settlement demand letter. Typically, the Plaintiff has offered to settle the case against a

defendant for $3,500. Moreover, the Plaintiff is a client of CEG, which provides legal counsel and other services. *See Complaint, Exhibit B, Nicolini Declaration.*

Courts encountering similar litigation from this Plaintiff have noted the tactics used to obtain settlements from the Doe defendants, and considered sanctions.

> "The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure...
>
> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.
>
> The plaintiffs' conduct in these cases indicates an improper purpose for the suits. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a non-frivolous extension of existing law."

*K-Beech, Inc. v. John Does 1-85*, No. 11-cv-00469-JAG, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011).

## IV. ARGUMENT

### A. DOE Has Standing to Quash and May Proceed Anonymously.

The Plaintiff's Complaint names the DOE as defendants and alleges claims against same. The DOE has been sufficiently identified by IP address, and remain identified as DOE until the Plaintiff ascertains the true name of such persons.

In similar cases, Courts have recognized the unidentified defendant's standing to quash and to proceed anonymously. *Patrick Collins, Inc. v. Does,* No. 10-cv-04468-LB, 2011 U.S. Dist. LEXIS 89833, *2 (N.D. Cal. Aug. 12, 2011) (Court's Order allowing Doe

defendants to proceed anonymously.) (*citing, Liberty Media Holdings, LLC v. Does 1-62*, 2011 U.S. Dist. LEXIS 51526, *6 (S.D. Cal. May 12, 2011). *See also Arista Records LLC v. Doe*, 2008 U.S. Dist. LEXIS 34407 (D.D.C. April 28, 2008) (Doe defendant has standing to quash subpoenas to third parties.)

**B. Plaintiff Has Failed to Show Good Cause for Expedited Discovery**.

A party must establish good cause for expedited discovery, which is demonstrated though "the purpose of for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity. *Momenta Pharms., Inc. v. Teva Pharms. Indus.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011) (*quoting McMann at 65*.). The Plaintiff has failed to show good cause based on these factors.

The sole purpose of the discovery sought by the Plaintiff is to identify the DOE so that the Plaintiff can push monetary settlements. The Plaintiff's conduct in similar litigation demonstrates that it has no intention to fully litigate this case or to obtain an injunction. Moreover, even if it ascertains the identity of the DOE, the Plaintiff cannot make a showing for an injunction. Any alleged damages are financial and compensable. There is no irreparable harm identified.

Additionally, the SUBPOENA to identify the DOES will not reveal the identity of the actual copyright violator. The Plaintiff wrongly assumes that the person listed on the ISP account is the person who downloaded the alleged Work. "[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown

more so over time." *Patrick Collins, Inc. v. Doe,* No. 12-cv-02964, 2012 U.S. Dist. LEXIS, 77486, *2-3 (S.D.N.Y. June 1, 2012).

**C. DOE Is Improperly Joined with Others Based on Disparate Alleged Acts.**

Rule 20(a)(2) allow permissive joinder of defendants where the claims arise out of the same transaction. Fed. R. Civ. P. 20(a)(2). A court may at any time drop a party or sever any claim against a party. Fed. R. Civ. P. 21.

Several courts encountering suits from this Plaintiff have held that the Plaintiff failed to demonstrate that the claims against the defendants arose from the same transaction or occurrence. *K-Beech, Inc. v. John Does 1-85*, No. 11-cv-00469-JAG, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011). "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Id. citing Laface Records, LLC v. Does 1-38*, No. 5:07-cv-298, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008).

"The mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20." *Berlin Media Art e.k. v. Doe,* No. 11-cv-03770-JSC, 2012 U.S. Dist. LEXIS 7888, *7-8 (N.D. Cal. Jan. 24, 2012) (*citing Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10-cv-05865PSG, 2011 U.S. Dist. LEXIS 58351, *3 (N.D. Cal. May, 31, 2011)); *Patrick Collins, Inc. V. Does,* 2012 U.S. Dist. LEXIS 47687 (D. Md. Apr. 4, 2012).

## V. CONCLUSION

For the foregoing reasons, the defendant, Does 3-9, 39-41, 51, 52, 66-73, asks this Court to Quash the Plaintiff's Subpoena, or in the alternative to sever the defendant. The defendant respectfully demands that the Court so rule.

By His Attorney,

/s/ John J. Regan
BBO# 544720
Dolan & Regan
10 Chestnut Street
Peabody, MA 01961
Tel: (978) 538-9500

Dated: June 28, 2012

## CERTIFICATE OF SERVICE

I, John J. Regan, attorney for the defendant in the above-entitled action, hereby certify that on June 28, 2012, the foregoing document was filed through the ECF system, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ John J. Regan