UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK COLLINS, INC., *Plaintiff,* v. DOES 1 – 79, *Defendants.* | Civil Action No.: 1:12-cv-10532<br><br>Plaintiff's Memorandum in Support of Motion for Enlargement of Time for Service |

1. **Plaintiff needs more time.**

   Plaintiff is requesting an order enlarging the time for Plaintiff to serve defendants with summons because of the difficulties and time delays in obtaining the names and addresses of the defendants within 120 days, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

2. **Status of Case.**

   In brief, the current status of the case is:

   a) The Court granted Plaintiff's motion to discover the Doe identities on April 3, 2012;

   b) Plaintiff promptly served the subpoenas upon the Internet Service Providers (ISPs);

   c) Plaintiff's counsel granted extensions to the ISPs because the ISPs could not comply in a timely manner. An attorney in this type of copyright claim against unknown Does must negotiate an agreement with each ISP as to the number of electronic records to be researched and preserved each month, and the

     compensation to be paid to the ISPs for their research;

d) ISPs have limited resources for researching such records, and generally first respond to requests from law enforcement authorities. Furthermore, the ISPs are unable to immediately notify the Does because they must first research the records. Once the records are identified and the ISP notifies the Does, the Does have 30 days within which to file a Motion to Quash. Therefore, such discovery is a slow process;

e) As of today, Plaintiff has received identifying information for 8 Does, and notified 8 Does of this lawsuit;

f) Plaintiff needs time to review the information once it is received from the ISPs to determine whether the Doe is properly part of this case. Plaintiff's counsel also reviews each case where a Doe responds and presents a defense.

g) Plaintiff does not know how many of the Does have been notified by their respective Internet Service Providers (ISPs) at this point, because the ISPs do not provide such information;

     Plaintiff requests a 120 day extension of time.

## 3. An Extension of time should be granted under Rule 4 (m) and Local Rule 4.1

With respect to Rule 4(m), it states in its pertinent part,

> "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

With Respect to Local Rule 4.1, it states in its pertinent part,

2

> Counsel … who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b) … . If on the 14th day following the expiration of the 120 day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court.

Plaintiff has shown good cause, on the 14th day following the expiration of the 120th day. Plaintiff's counsel served the subpoenas within days of the approval of the initial discovery motion, and expeditiously negotiated agreements with the respective ISPs. The time that it has taken to identify and serve the Doe defendants is attributable to the inherent difficulty of learning the identity of the anonymous internet users who are infringing Plaintiff's copyright. Due to the delay in receiving subscriber records, Plaintiff requires additional time to conclude its good faith, pre-suit investigation into the subscriber information it has received. Thus, an extension of the service deadline is warranted. Also, Plaintiff notes that the defendants are not prejudiced by Plaintiff being allowed time to discover his or her identity and then make service.

4. **Conclusion**

In view of the foregoing, Plaintiff requests that the Court enlarge the time for Plaintiff to serve defendants by 120 days from Monday, August 6, 2012. Thus, Plaintiff is requesting that December 4, 2012 be the date by which the Does must be served with summons.

*          *          *

Respectfully submitted on August 5, 2012,

> FOR THE PLAINTIFF:
>
> *[signature: Marvin Cable]*
>
> Marvin Cable, Esq.
> BBO#: 680968
> LAW OFFICES OF MARVIN CABLE
> P.O. Box 1630
> Northampton, MA 01061
> P: +1 (413) 268-6500
> F: +1 (413) 268-6500
> E: law@marvincable.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 5, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

*[signature: Marvin Cable]*

Marvin Cable, Esq.

4