# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICK COLLINS, INC.,** *Plaintiff,* v. **DOES 1 – 79**, *Defendants.* | Civil Action No.: 1:12-cv-10532<br><br>**Memorandum in Support of Renewed Motion for Early Discovery** |

### 1. Introduction.

Plaintiff seeks the identities of subscribers from their respective Internet Service Providers ("ISPs"), and seeks a Court order directing the ISPs to disclose the subscriber's personally identifiable information. Unless early discovery is granted, however, information Plaintiff requires will be irrecoverably lost, as the ISPs will cease to retain the necessary user logs. Thus, Plaintiff respectfully requests that the Court grant the motion for early discovery.

The specific information, documents, and subscriber records being sought from each ISP is the (1) name, (2) present address and address as of the timestamp, (3) e-mail address, (4) Media Access Control ("MAC") Address, and the (5) ISP's Terms of Service applicable to the subscriber of each defendant listed on Exhibit A attached to the Complaint.

### 2. Factual Background.

This motion for early discovery is a renewed request. Plaintiff filed a motion for early discovery earlier in this case, and this Court QUASHED all subpoenas seeking such early

discovery. This Court's decision was based on an erroneous notice sent to the subscribers and the attendant risks and burdens imposed upon innocent subscribers, especially issues of privacy. This renewed motion, however, seeks early discovery in way that addresses this Court's concerns. The Court provided that the Plaintiff may, within thirty days, request leave for early discovery as explained in the Memorandum and Order on Motions to Quash (Docket # 31) issued in 12-cv-10805-NMG. Importantly, the Court said,

> [a]ny such request shall, at a minimum: (1) explain how the proposed discovery pursuant to the rules of civil procedure will establish the identity of the Doe infringers or lead to sufficient information for the Plaintiff to identify the Doe infringers such that the Plaintiff can seek leave to amend the Complaint to insert the names of the Doe defendants; (2) propose a Protective Order ensuring the confidentiality of the subscribers' identifying information unless or until the Plaintiff has a good faith basis to seek leave to amend the Complaint to name individual subscriber(s) as Defendants (at which point it may file a motion for leave to amend the Complaint which motion it shall serve on the proposed Defendant) and (3) submit to the Court any notice(s) it seeks leave to serve with the subpoena. [… The proposed Protective Order shall include a provision that each such person receiving access to the protected information shall agree to abide by the terms of the Protective Order and shall sign a copy of the Court's Protective Order (acknowledging receipt of the Order and understanding of its terms). It shall also provide that use of the information is limited to purposes related to this litigation.]

As seen below, Plaintiff explains how the proposed discovery pursuant to the rules of civil procedure will establish the identity of the Doe infringers or lead to sufficient information for the Plaintiff to identify the Doe infringers such that the Plaintiff can seek leave to amend the Complaint to insert the names of the Doe defendants. Plaintiff also proposes a Protective Order which is embedded within the Order for Early Discovery ensuring the confidentiality of the subscribers' identifying information unless or until the Plaintiff has a good faith basis to seek leave to amend the Complaint to name individual subscriber(s) as Defendants. The proposed Protective Order includes a provision that each such person receiving access to the protected information shall agree to abide by the terms of the Protective Order and shall sign a copy of the Court's Protective Order acknowledging receipt of the Order and understanding of its terms. The Order also

provides that use of the information is limited to purposes related to this litigation. And, finally, Plaintiff submits to the Court a notice it seeks leave to serve with the subpoena. Overall, Plaintiff hopes that its efforts and proposed discovery procedures will please the Court. Plaintiff is always welcome to further work with the Court and opposing parties in order to preserve the principles that this Court holds dear.

### 3. There is good cause for early discovery.

Preliminarily, Chief Magistrate Judge Sorokin, ("CMJ Sorokin") in his Memorandum and Order, agrees there is a good cause for early discovery for the sole use and limited purpose of identifying the Doe defendants sufficiently to name them as defendants and to serve the complaint upon them. There is good cause for expedited discovery because the Plaintiff has no other means of determining the identity of its defendants.[1]

However, CMJ Sorokin emphasized this must be done properly. The process by which Plaintiff now seeks early discovery will not only establish or lead to identities of Doe infringers, it will also do so in a manner that ensures privacy of third parties and addresses concerns of the Court.

### 4. Early discovery will establish or lead to identities of Doe infringers.

Instead of initially sending out demand letters to subscribers, as was common practice for this Plaintiff and many others similarly situated, Plaintiff's first communication will serve to notify subscribers of the lawsuit, and of Plaintiff's intentions regarding the lawsuit. This first communication will be in written form, and mailed to subscribers address.

Importantly, this communication will also include an informal questionnaire. This

---

[1] If this Court requires more information justifying good cause for early discovery, the Plaintiff will happily submit a response or appear before the Court.

questionnaire serves to elicit information needed by the Plaintiff, in order to determine whether the subscriber is indeed the infringer. The questionnaire will serve to identify the infringer, if the subscriber is not the infringer. This questionnaire will be made and used with good faith efforts to respect the privacy of and burdens upon subscribers.

The questionnaire will include about a dozen short questions. These questions are specific to determining the identity of the infringers.

Undoubtedly, the Court may have concerns about this questionnaire. So, in advance, the Plaintiff stipulates that any information gained through the questionnaire is inadmissible, for use in this litigation and others where Plaintiff is directly involved, except for a showing of good faith which would be determined by the Court, and any showing of good faith in order to make questionnaire admissible must be submitted under seal. Plaintiff also stipulates the information gained by this questionnaire is confidential and for attorneys' eyes only. Further, the Plaintiff will make clear that to the subscriber that the questionnaire is optional, and is not submitted under the potential pains of perjury. However, Plaintiff will provide subscribers the option in the questionnaire to submit such questionnaire as an affidavit or declaration, if subscriber so chooses.  Of course, Plaintiff will make clear that seeking legal advice of an attorney is good practice before submitting any paperwork to Plaintiff.

The Plaintiff will also provide the subscriber a blank affidavit.  This affidavit may be used by the subscriber to name the infringer.  Many times subscribers throw the infringers under the bus by submitting an affidavit or declaration naming the infringer. Plaintiff feels an affidavit is better than a declaration in this circumstance, because of the damning nature of the content. Unlike a declaration, an affidavit will certify, via notary public, that the person signing the document is indeed the person who he says he is.

Besides the contents of the first mailing, Plaintiff will use the names and addresses to

begin other informal discovery methods.  These methods also have proven to lead to a good faith basis to seek leave to amend complaint.

Such methods include searching the person's address using google maps, and analyzing the results. For example, if subscriber is found to be in a very remote area, where the range of wi-fi signals likely will not reach the next closest residence and Plaintiff has evidence of many downloads, the Plaintiff has more cause to believe the infringer is in the residence of the subscriber, and may in fact be the subscriber. This assumption or finding is inconclusive to absolutely prove who the infringer is, but there this evidence makes the determination of who the infringer is more probable than it would be without the evidence. As an authority on evidence, McCormick says, "[a] brick is not a wall."

Similarly, the Plaintiff also looks into the land records for each residence.  Again, just like the deductions or assumptions made via google map search, Plaintiff may find evidence leading to the infringer.

The Plaintiff also does generic Internet searches of the subscriber.  Sometimes there is information about the subscriber on the Internet that would lead a reasonably prudent person to believe that the subscriber is or is not the infringer. Again, this "evidence" gathered by informal discovery, is not conclusive to prove the identity of the infringer. The evidence when viewed cumulatively may, however, give the Plaintiff a good faith basis to seek leave to amend the complaint, naming the infringer. Plaintiff reminds the Court that it is aware that it's conclusions or beliefs must be done in good faith, that any finding or persuasion the Plaintiff comes to must be formed after reasonable inquiry under the circumstances, and is not done to being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and, that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

If Plaintiff has exhausted informal discovery methods, Plaintiff will then move on to formal discovery methods. However, Plaintiff will not do so without permission of the Court of discovery conference.

**5. Conclusion.**

Plaintiff believes to have satisfied the Court's requirements to grant Plaintiff's renewed request for early discovery. Plaintiff has proposed an Order which provides protections of privacy and undue burden upon subscribers; Plaintiff has explained how identity of subscribers will lead to the identity of the infringers; and Plaintiff has submitted a notice which Plaintiff seeks leave to serve with subpoena.

Importantly, for this case to proceed, Plaintiff's only option is to start with early discovery by seeking identities of subscribers.  If Court is not persuaded by Plaintiff's renewed motion, Plaintiff respectfully requests that the Court suggest methods it may find satisfactory, and allow Plaintiff another opportunity for early discovery, otherwise this case may be as good as dead.

*   *   *

Respectfully submitted on September 10, 2012,

FOR THE PLAINTIFF:

*/s/ Marvin Cable*

Marvin Cable, Esq.
BBO#:  680968
LAW OFFICES OF MARVIN CABLE
P.O. Box 1630
Northampton, MA 01061
P: (413) 268-6500
F: (413) 268-6500
E: law@marvincable.com

## CERTIFICATE OF SERVICE

     I hereby certify that on September 10, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Marvin Cable, Esq.