Contact

- FAQ: Facts, Answers, and Questions.
- Litigation Resources

**Frequently Asked Questions About Subpoena Notifications from your Internet Service Provider, or Copyright Infringement Letters From This Law Firm**

**IMPORTANT NOTE:** *The use of the Internet for communications with The Law Offices of Marvin Cable, or a member of the firm, does not establish an attorney-client relationship. Information provided on this website is not a substitute for legal advice. Do not take any action based on any information obtained on his website without first consulting with your own attorney.*

Who is the law firm "The Law Offices of Marvin Cable"?

The Law Offices of Marvin Cable is a law firm providing intellectual property protection and enforcement services. This law firm represents owners of copyrighted works (such as motion pictures and images).

I received a notification from my Internet Service Provider (ISP) that this Law Firm is seeking my name and address through a "subpoena." What does that mean for me?

It means that this Law Firm has filed a lawsuit against copyright infringers that were identified by tracking software through their IP addresses. It appears that your IP address is among the ones identified as having engaged in illegal file sharing. Your Internet Service Provider (ISP) has received a subpoena (a kind of court order) to disclose your identity. The Internet Service Provider is notifying you that it must comply with this subpoena within usually 28-30 days. If you wish to contest that, you need to file a motion in the court where the lawsuit is pending. If you would like to resolve the matter before your Internet Service Provider discloses your name and address, please contact us at 413-268-6500. We offer confidential settlements without using your name.

Why did I receive a letter from your Law Firm?

You received a letter because a copyright infringement involving your Internet account was detected, relating to a copyright owned by one of our clients.

Has my privacy been invaded?

No. A copyright infringement was detected over the public Internet or a public Peer-to-Peer (P2P) Network involving your Internet connection.

Will this lawsuit go away if I just remove the file from my computer?

No. In fact, removing the file associated with your case may be a breach of an obligation to preserve electronic evidence.

I found the item in question on the Internet and thought it was free, or did not know it was protected by someone's copyright.

This does not absolve your liability.

I purchased a file-sharing program or subscription to a website where I obtained the movie at issue. Why did I receive a notice from my ISP or letter from you?

The rights you purchased were likely only for the file-sharing software or subscription service itself, not the rights to upload, download or otherwise share copyright-protected materials. Please read the fine print and/or user agreement associated with the file-sharing program or subscription that you purchased. You might find a clause that places the liability on you as the end user and references the fact that uploading, downloading or otherwise sharing copyright-protected materials is illegal.

How do I know that the IP Address listed in the notice is mine and not a fake?

The IP Address and associated account holder have been matched by your Internet Service Provider (ISP), a third party that is not related to this Law Firm.

How do I make this go away?

In an attempt to resolve these matters without litigation, we will make a settlement offer. Such a settlement will release you from liability.

Do I need to hire an attorney?

It is advisable to discuss the matter with a qualified attorney.

Why are copyright lawsuits filed?

Copyright owners file such enforcement lawsuits to protect their rights. Production studios and other copyright owners lose massive revenue because of illegal file-sharing.

Can I review the text of the liability release prior to settling?

Yes, here is a representative example of a liability release. The sample provided here is of the type issued AFTER payment of the settlement amount:

This Liability Release Agreement (hereinafter "Agreement") pertains to a disputed claim and does not constitute an admission of liability by any of the parties to this Agreement. Notwithstanding the foregoing, RELEASEE and RELEASOR agree as follows:

The above-identified RELEASEE represents and warrants to RELEASOR that RELEASEE has made diligent efforts to identify and, if found, to remove any and all copies of the above-titled work from all of RELEASEE's computers, and to the extent any other copies may have existed in other media RELEASEE's possession, RELEASEE has destroyed all other copies of the work prior to the Settlement Date written above, except for any copies lawfully obtained from RELEASOR.

RELEASEE releases RELEASOR from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASOR's prosecution of the above-identified case.

In reliance on and in exchange for the representations and warranties and release by RELEASEE, and in consideration of the settlement amount set out above received by RELEASOR from RELEASEE on the Settlement Date, RELEASOR hereby releases and discharges the RELEASEE, and RELEASEE's heirs and successors, from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASEE's actions in connection with RELEASEE's alleged infringement prior to the Settlement Date of the copyright in the above-titled work on the computer associated with the IP Address and Timestamp listed above, and/or on computers within the same specific household associated with the IP Address and Timestamp listed above. In this regard, the term "RELEASEE" includes any person who had used a computer in such household to the extent, and only to the extent, that the use of such computer was in such household. This Agreement applies to no other claims, causes of action, lawsuits, damages and demands that RELEASOR may have against RELEASEE (e.g., for any infringement of the copyright in another work or for subsequent infringement of the same work) which, if existing, shall survive this Agreement. This Agreement does not apply to any infringement by any other "Doe" defendant in the above-identified case. If the above-identified case has not otherwise been dismissed with respect to RELEASEE, dismissal with prejudice will be filed in the above-identified case identifying the RELEASEE by the "Doe" number and IP Address and Timestamp listed above.

Confidentiality: Except to the extent necessary to enforce the terms of this Agreement, the parties shall maintain the terms of this Agreement confidential, including the real name and address of the RELEASEE. It is understood and agreed that the fact that settlement has been reached with the party identified by the "Doe" number and/or IP Address and Timestamp listed above is not confidential.

RELEASEE acknowledges that he or she has had the opportunity to seek the advice of independent counsel of his or her own choice regarding this Agreement.

This Agreement constitutes the complete statement of the terms and conditions of the agreement between the parties, and supersedes and merges all prior proposals, understandings and all other agreements, oral and written, between the parties relating to the subject of this Liability Release. Any and all other written or oral agreements existing between the parties hereto regarding such transaction are expressly cancelled. This Agreement cannot be modified or otherwise changed except by an instrument in writing duly signed by the parties hereto. This Agreement shall be interpreted in accordance with the law of the State of California. In the event of a dispute arising out of or related to this Agreement, the

prevailing party shall be awarded his or her reasonable attorney's fees by a court of competent jurisdiction.