UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DISCOUNT VIDEO CENTER, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 12-10805-NMG |
| DOES 1-29, et al., | ) ) ) | |
| Defendants. | ) ) | |
| PATRICK COLLINS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-10532-GAO |
| DOES 1-79, | ) ) | |
| Defendants. | ) ) | |

(Continued on next page)

|  |  |
|---|---|
| PATRICK COLLINS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-10758-GAO |
| ) | |
| DOES 1-36, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER ON PENDING MOTIONS FOR EX PARTE DISCOVERY
AND ORDER TO SHOW CAUSE

November 7, 2012

SOROKIN, C.M.J.

Pending before the Court are the Plaintiffs' requests for ex parte discovery prior to service of the Complaints (12-cv-10805-NMG, Docket # 43; 12-cv-10532-GAO, Docket # 43; and, 12-cv-10758-GAO, Docket # 37). For the reasons set forth below, these motions are DENIED.

The Plaintiffs in these three cases (who are each represented by the same counsel) have filed Renewed Motions for Early Discovery. Previously, for the reasons stated in the Court's Memorandum and Order on Motions to Quash (12-cv-10805-NMG, Docket # 31), the Court indicated that the Plaintiffs could invoke the Court's authority to undertake limited early discovery pursuant to the Federal Rules of Civil Procedure for the purpose of ascertaining the identities of the John Doe Defendants named in the Complaints. See Id. at 3-4. The law applicable to these cases has not changed. However, in the circumstances of these cases (each considered individually), the Court DENIES the motion for early discovery.

On October 12, 2012, the Court conducted a lengthy hearing on the motions in all three cases. Several matters became clear to the Court, based upon the Plaintiffs' counsel's statements and the record of the litigation in these cases. Ordinarily, a Plaintiff suing a John Doe Defendant would seek narrow discovery ex parte in order to identify the Doe Defendant for purposes of filing a motion to amend the Complaint to name the Doe, followed by service of the Complaint. The Plaintiffs in these cases evidence no interest in such a pursuit. They have not proposed a discovery plan aimed at identifying the infringers they have sued.[1] Rather, the Plaintiffs request that the Court order disclosure of the third-party subscribers' names so that the Plaintiffs might settle or dismiss their cases on an informal basis. The discovery they seek cannot provide the Plaintiffs with sufficient information to identify the Doe Defendants. Nor have the Plaintiffs requested leave in their submissions to take depositions, either orally or upon written questions – the only discovery mechanism available to Plaintiff under the Federal Rules of Civil Procedure when seeking information from third parties, as is the case here. In light of the Plaintiffs' counsel's assertion at the July 30, 2012 hearing that it was prepared to take depositions (see, 12-cv-10805-NMG, Docket # 23 at 48) and in light of his concession that depositions were the only available discovery mechanism (id. at 47), the omission of any written request for depositions in the Plaintiffs' renewed motions for discovery speaks volumes about the Plaintiffs' lack of

---

[1] For example, the Plaintiffs ask for the MAC address of the subscriber from the Internet Service Provider. The MAC address is the unique ID for any piece of networking hardware such as a cable modem, wireless router, or the network interface card a computer uses to connect to a network. The Plaintiffs' counsel, however, conceded at the hearing that the MAC address is helpful "not for amending the complaint, no. For the merits of the case." See Transcript of October 12, 2012 Hearing at 16 (12-cv-10805-NMG, Docket # 49). Because counsel could not explain the reason for the request to subpoena this information, the Court gave counsel the opportunity to consult his clients or experts. The written explanation subsequently provided fails to indicate how possessing the MAC address would assist the Plaintiffs in identifying the infringer. See 12-cv-10805-NMG, Docket # 48.

interest in actually litigating these cases. That the Plaintiffs' counsel now assert a willingness to take depositions if that is the only option (see 12-cv-10805-NMG, Docket # 48 at 2) only confirms that the Plaintiffs' interest in litigating the cases, or in following the governing law, arises only in response to the Court's express command.

Not only have Plaintiffs failed to articulate a discovery plan that would lead to identifying the infringers they have sued, but the Plaintiffs cannot even articulate the specific information they need or require in order to identify the infringers (or, to determine that such identification is not reasonably possible).

> The Court: So then what information – what do you need to know – what do you need to acquire in order to be in the position to file a motion to amend your complaint substituting an actual person for any particular Doe?
>
> Mr. Cable: Well, I don't think there is a specific set of information we need. I think there's a principle that is behind it. I think we need a good-faith basis to amend the complaint, and that can come in many ways.

12-cv-10805-NMG, Docket # 49 at 19.

. . .

> The Court: Then what's the plan?
>
> Mr. Cable: Well, I'd like to keep this as least burdensome as possible and as least costly as possible. Opening communications between me and the Does or me and the subscribers is, I think, the best course of action. Sending a letter saying, "Hey, look you know, your Internet has been identified in infringing copyrights."  You know, anything that opens up this course of discussion before going into more burdensome discovery like depositions or things like that or examining devices and things like that.

Id. at 21.

The Plaintiffs' proposal – i.e., that the Court permit the Plaintiffs to subpoena the names of the subscribers and that the Court then leave it to the Plaintiffs to figure out the rest pursuant to informal communications – is unacceptable. The governing case law permits ex parte discovery in the presence of a discovery plan tailored to the identification of the defendants. Further, the Plaintiffs' prior history of communications with the subscribers in these cases also weighs against permitting ex parte discovery. See 12-cv-10805-NMG, Docket # 31 at 4-10.

The Plaintiffs' lack of interest in actually litigating these cases as demonstrated by the history of this litigation also weighs against permitting ex parte discovery. Before the Court quashed the subpoenas previously issued, the Plaintiffs had ample time to amend their Complaints with information they might have acquired from the informal discovery process it claims it wishes to pursue. The Plaintiffs never sought to substitute the name of any person for any Doe Defendant. Indeed, Plaintiff Patrick Collins, Inc. has sued at least 11,570 John Doe Defendants in litigation around the country without ever serving a single defendant.[2] The Plaintiffs' counsel has also represented to the Court a specific intent to press the Plaintiffs' claims against certain individual Does by way of new individual lawsuits based upon information acquired after the subpoenas. For example, on July 30, 2012, Plaintiffs' Counsel made the following representation:

> In this next week, Plaintiff's Counsel will be amending a complaint, and filing 8-12 lawsuits in this district on behalf of Patrick Collins, Inc. These new lawsuits will be filed against individuals and not multiple Does. These individuals were discovered and investigated using the subpoenaed information (like the information sought here), in Patrick Collins, Inc. v. Does 1-45, 1:12-cv-10537 (D. Mass.). Counsel will be doing the same in all other cases for Patrick Collins, Inc.

---

[2] See 12-cv-10532-GAO, Docket # 26 at 4-5. Patrick Collins has not refuted these assertions

12-cv-10532, Docket # 29 at 4 (emphasis added).

No such lawsuits against individual defendants were subsequently filed.

With respect to John Doe No. 22 in 12-cv-10532-GAO, the Plaintiff Discount Video has stated an intent to dismiss Doe No. 22 from the pending action and file a new, separate individual complaint against this Doe, even though it does not know the identity of the infringer. Such an action smacks of an bad faith effort to harass the third-party subscriber by causing him or her to expend further legal fees in a brand new action, which would merely repeat all that has occurred to date. The Federal Rules specifically address this situation and authorize an award of fees and costs. Fed. R. Civ. P. 41(d); Fed. R. Civ. P. 45(c)(1). The course of action the Plaintiff has stated it intends to pursue also suggests an improper effort to engage in judge shopping and evidences a disregard for the Court's limited public resources.

Finally, the Plaintiffs have repeatedly said one thing and done another. The Plaintiffs plainly sued only the infringers in these actions. Yet the Plaintiffs proposed and served notices upon the subscribers informing them they had been sued. The Plaintiffs' counsel stated to the Court that in his opinion, subscribers are "always going to . . . be secondarily liable " (see 12-cv-10805-NMG, Docket # 23 at 19), but he also stated that he would not assert secondary liability claims against subscribers as such claims would not pass muster under Rule 11.[3] Now, the

---

[3]   
    The Court:  But you haven't sued them [the subscribers] for secondary liability.  
    Mr. Cable:  Because I don't know yet, and I think that would be fishing, and I don't want to go there, because - -  
    The Court:  You wouldn't sign it under Rule 11.  
    Mr. Cable:  Right, exactly.

12-cv-10805-NMG, Docket # 23 at 20; see also Id. at 16.

Plaintiffs have filed lawsuits against subscribers asserting secondary liability on the theory that, upon information and belief, discovery will reveal the subscribers to have known of the infringement via their account, or, that discovery will show the subscribers to be the parent of an unemancipated minor between the ages of 7 and 18.  See, e.g., Exquisite Multimedia, Inc. v. Does 1-46, 12-cv-11724-RGS; SBO Pictures, Inc. v. Does 1-46, 12-cv-11723-GAO.  While those cases are not before the undersigned (though some are before the district judges assigned to the captioned cases), the Court may permissibly consider them in assessing the reliability and veracity of counsel's statements.  The Plaintiffs' counsel has also repeatedly said to the undersigned, and to other judicial officers of this Court, that he intends to litigate the claims he has brought.  Yet to date, counsel has sued well in excess of one thousand Doe Defendants in this District, and as far as the Court is aware, he has never served a Complaint upon a single individual defendant.

For the foregoing reasons, the Plaintiffs' Renewed Motions for Ex Parte Discovery (12-cv-10805-NMG, Docket # 43; 12-cv-10532-GAO, Docket # 43; and, 12-cv-10758-GAO, Docket # 37) are DENIED.

Fed. R. Civ. P. 4(m) provides that,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Complaints in these three cases were filed on March 23, 2012 (12-cv-10532-GAO), April 28, 2012 (12-cv-10758-GAO) and May 4, 2012 (12-cv-10805-NMG).  Thus, the 120-day

period in which to effect service expired on September 1, 2012, for the latest-filed case. Plaintiff Patrick Collins has moved for an extension of time to effect service in one case, 12-cv-10532-GAO, Docket # 31. No such motion has been filed in the other two cases.

Initially the Court authorized ex parte discovery. When the Court subsequently quashed the subpoenas, the Plaintiffs had failed to serve any defendants. At that time, the Court provided the Plaintiffs with an opportunity to present a reasonable discovery plan tailored toward identifying the Doe Defendants. The Plaintiffs did not do so. With the motions for ex parte discovery denied, there now appears to be no path forward to service of the Complaints.

Accordingly, it is ORDERED that by the close of business on November 16, 2012, the Plaintiffs shall show cause why their cases should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to effect timely service.[4]

SO ORDERED,

/s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge

---

[4] Previously, the undersigned declined to reach assertions of improper joinder raised by the third parties (i.e., by the subscribers whose contact information the Plaintiff seeks to obtain from their Internet Service Providers (ISPs)), in part in order to await further factual development and in part because joinder is ordinarily an issue to be raised by Parties. See, 12cv-10532-GAO, Docket # 41 at 14-16. I note that the landscape has changed in several material respects since that decision. Judges Stearns, Young and Saylor have each rejected joinder in virtually identical cases brought by the Plaintiff's counsel. See, New Sensations, Inc. v. Does 1-201, 12-cv-11720-RGS, Docket # 11; Third Degree Films v. Does 1-47, 12cv-10761-WGY, Docket # 31; Third Degree Films v. Does 1-72, 12-cv-10760-FDS, Docket # 28. However, it is not necessary to reach the joinder issue at this time in light of the Order to Show Cause.